WARNER, Judge.
This is an appeal from a final summary judgment which determined that an excess policy issued by appellant insurance company provided liability for a vehicle involved in an automobile accident. Because the trial court erred in its construction of the insurance policy involved and its conclusion as to the absence of factual issues, we reverse and remand.
The appellees were injured in an auto accident in Florida by a person driving a vehicle titled in the name of David Yarbor-ough. While there is a material issue of fact as to whether the vehicle was owned by Yarborough at the time of the accident, for purposes of this analysis we will ignore this conflict and treat it as though he were the owner.[1] Yarborough had a primary insurance policy with American General Insurance Company. The trial court found that this was a fleet policy which covered “any owned vehicle.” Again, there appears to us to be a material issue of fact in this determination, but again for purposes of this analysis, we will not dispute this finding. Appellant’s policy of insurance was excess over the primary policy. Contrary to the trial court’s findings, appellant’s policy provided that:
The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges but such coverages shall not apply with respect to any automobile owned by the named insured unless (1) such automobile is described above ... and (2) a specific premium charge for such automobile is entered.
Appellant also submitted an affidavit that the policy was a scheduled vehicle policy and that the vehicle in question had been deleted from the policy by the insured.
The trial court relied upon another provision of the excess policy to extend coverage. That section states:
The provisions of the immediate underlying policy are incorporated as a part of this policy except for any obligations to investigate and defend ..., any other insurance provision and any other provisions therein which are inconsistent with the provisions of this policy.
The trial court apparently overlooked the last portion of that section which prevents the incorporation of inconsistent provisions of the primary policy into the excess policy. The “any owned automobile” coverage provision is inconsistent with a scheduled vehicle provision. Therefore, the excess policy’s scheduled vehicle provision controls. If the subject vehicle had been deleted from the schedule, there was no coverage for that vehicle.
Finally, the trial court’s reference to the fact that the primary insurance carrier determined to pay out its policy limits of $15,000 is of no moment to the coverage question. For all we know the company could have determined that it was cheaper to pay than to litigate a coverage question in a case where damages were considerable.
The policy in question was a scheduled vehicle policy. Whether the subject vehicle was still included in the policy is a material issue .of fact which is controverted on this record, both as to ownership and as to whether or not the auto had been deleted from the policy. We note that appellant’s affidavits included endorsements deleting the vehicle, but the insured testified that he continued to pay a premium for it. These issues cannot be resolved on summary judgment on the basis of this record.
*229 This case is therefore reversed and remanded for further proceedings.
ANSTEAD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. However, upon remand that is a material issue of fact which is not disposed of by what we say here.